UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.   8:08-cr-288-T-23MAP
               8:12-cv-2413-T-23MAP

HUBERT SANDER
_____/

**O R D E R**

Sander moves to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his conviction for conspiracy to possess with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, for which offense he serves 135 months.  Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate.  Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[*] (holding that the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [the defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b)

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Sander's motion is untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus).

Sander had a year to file his motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). Sander was sentenced in 2008 and, under the terms of his plea agreement, he filed no appeal. Consequently, Sander's judgment was final in 2008 and his limitation expired a year later in 2009. Sander filed his petition three years later in 2012.

Recognizing that his petition is untimely, Sander seeks entitlement to a delayed start of the limitation under Section 2255(f)(3), which starts the one-year limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Sander claims

entitlement to *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1486 (2010), which holds "that counsel must inform her client whether his plea carries a risk of deportation." Sander alleges that his counsel rendered ineffective assistance by not explaining the potential immigration consequences of his conviction.

Generally, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742, 757 (1970). Consequently, Sander's claim depends on *Padilla*'s retroactive application, which was rejected in *Figuereo-Sanchez*, 678 F.3d 1203, 1209 (11th Cir. 2012) ("[W]e conclude that *Padilla* did not announce a watershed rule of criminal procedure. As a result, Mr. Figuereo–Sanchez's petition for federal habeas corpus is untimely under § 2255."), *pet. for cert. filed*, No. 12-164 (July 27, 2012). Consequently, Sander's Section 2255 motion to vacate is time-barred.

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** as time-barred. The clerk shall enter a judgment against Sander and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Sander is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Sander must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Sander cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Sander is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Sander must pay the full $455 appellate filing fee without installments unless the circuit court allows Sander to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on October 31, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE